UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE PAYTON

CIVIL ACTION

VERSUS

SEABOARD CARIBE STORM,  NO.
SEABOARD CORPORATION, K&K
SCHIFFAHRT
GmBH & CO.KG  SECTION:

COMPLAINT

1.

Made Defendants herein are:

1. Seaboard Corporation ("Seaboard"), a Florida Corporation, and shipping entity licensed to do business in the United States and Louisiana;

2. K & K Schiffart GmBH & Co. KG ("KKS") a shipping company organized and domiciled in the Country of Germany. Germany is a signatory to the Hague Convention;

3. SEABOARD CARIBE a foreign vessel sailing under the flag of Antigua and Barbuda, owned by Defendant K & K. The vessel was operated under a charter, the terms of which are unknown,

The true names and capacities, whether individual, corporate, associate or otherwise, of defendants   inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious or other names and capacities as are alleged hereinbelow and will ask leave to amend this complaint upon same being ascertained. Plaintiff is informed and believes and thereon

alleges that each of the defendants designated herein is negligently responsible in some manner for the events and happenings herein referred to and negligently caused injury and damage proximately thereby to the plaintiff as herein alleged.

2.

At all times mentioned herein, each of the non-vessel defendants was the agent, servant and/or employee of the remaining defendants and was at all times acting within the purpose and scope of said agency and employment.

3.

Plaintiff is a longshoreman employed by various stevedores through the Waterfront Employers of New Orleans and a member of the union ILA Local 3000.

4.

Defendants owned, operated, chartered, manned, and provided stevedoring services for the ship Seaboard Caribe during its port call to New Orleans Napoleon Avenue Wharf, on August 28, 2013.

5.

On or about August 28, 2013, plaintiff's employer, Ceres Marine Terminals Inc., was engaged in rendering stevedoring services on and about the Seaboard Caribe which was pierside in navigable waters at New Orleans Napoleon Avenue Wharf and plaintiff was employed as a longshoreman ("Lasher") on that site and at that time was performing such services on behalf of the employer.

6.

Defendants hired plaintiff's employer, Ceres Marine Terminals Inc, a stevedoring company, to assist in the discharge of cargo from the Seaboard Caribe during its August 28, 2013, call at New Orleans.

7.

On or about August 28, 2013, while working as a lasher aboard Seaboard Caribe, plaintiff suffered severe and disabling injuries when he was struck in the face by a steel grate which came loose while he was climbing a ladder.  This accident occurred aboard the Seaboard CaribeThe grate was not properly causing it to come loose and strike the Plaintiff.

8.

Defendants negligently inspected said vessel, negligently turned the vessel over to the plaintiff's employer in an unsafe condition, negligently failed to provide plaintiff with a safe place to work, negligently failed properly to maintain the vessel's equipment, negligently represented to plaintiff's employer that the vessel's equipment was in proper working order, and negligently repaired the subject winch cab window.

9.

Plaintiff is informed and believes and on such information and belief alleges that the aforementioned injuries are permanent in nature. All of said injuries have caused and will continue to cause, plaintiff severe pain and suffering, whereby he has been generally damaged in a sum to be proven at trial.

10.

As a direct and proximate result of said conduct of the defendants, plaintiff has incurred and will continue to incur liabilities for medical attention, care and treatment, and wage loss, the

exact amount of which is unknown to plaintiff at this time and plaintiff has been additionally damaged in said amount and prays leave to amend this complaint and insert amount upon the same being ascertained.

11.

Plaintiff alleges that the defendants Seaboard and KKS were operating under a charter agreement at the time herein.  It is alleged that Seaboard was operating the vessel under a demise and/or bareboat charter with KKS and thus Seaboard was owner pro hac vice at the time of the accident.  In the alternative, Seaboard was operating the vessel and the breach of duty(ies) in Paragraph 8 above fall and fell within the traditional, customary, and contractual duties of Seaboard and/or KKS.

WHEREFORE, the plaintiff prays:

1. That process according to the practice of this Court issue against the defendants;

2. That if defendant cannot be found within this District, as stated in the affidavit attached hereto, that all of its property within this District be attached as set forth in this Complaint, with interests and costs;

3. That the court enter judgment against defendant for the amount of plaintiff's damages, together with interest and costs;

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages according to proof at trial;

2. For medical and incidental expenses according to proof;

3. For loss of earnings and earning capacity (past and future) according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem just and proper.

Respectfully Submitted:
THE LAW OFFICE OF WILLIAM S. VINCENT, JR.
2018 Prytania Street
New Orleans, LA 70130
Telephone:  (504) 522-3220
Facsimile:  (504) 568-1408

 /s/ W. Jared Vincent
W. Jared Vincent, La. Bar No. 27695
William S. Vincent, Jr. La. Bar No.13094
jared@wsvjr.com